RAWLINSON, Circuit Judge,
dissenting in part:
I respectfully dissent from the portion of the opinion reversing the district court’s entry of summary judgment in favor of Culver City on William Cohen’s claims under the Americans With Disabilities Act and related California statutes. The district court ruled that “Culver City has *702 presented evidence that two wheelchair access ramps were located 20 yards east and ninety yards west, respectively, from where Plaintiff incurred his injury.” The district court then observed that Cohen “has not disputed this evidence or offered any explanation as to why he did not utilize an alternative route.... ” The district court concluded that because alternative routes were available, Cohen failed to raise a material issue of fact regarding his alleged exclusion from use of the sidewalk.
The district court’s grant of summary judgment was consistent with cases that have addressed the issue raised by Cohen, equal access. As we stated in Bird v. Lewis & Clark Coll., 303 F.3d 1015, 1021 (9th Cir.2002), “the central inquiry is whether the program, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.” (citation and internal quotation marks omitted). This language counsels against a narrow view of access and underscores the importance of the other access routes available to Cohen. I agree with the district court that there was no showing that Cohen was “excluded from accessing the public sidewalks.” Rather, Cohen complains that the ramp “most directly accessible to him ... was blocked by a vendor booth.” Nothing in the ADA, the governing regulations or case precedent requires access at a particular location in relation to the plaintiffs destination. Instead, the ADA focuses on ready access. See Bird, 303 F.3d at 1021. Ready access within twenty yards fulfilled the City’s obligation under the ADA. See id. at 1021 (focusing on ready access rather than conformity to the plaintiffs subjective expectations).
In my view, the district court’s reliance on Schonfeld v. City of Carlsbad, 978 F.Supp. 1329, 1339 n. 11 (S.D.Cal.1997), aff'd 172 F.3d 876 (9th Cir.1999), was entirely appropriate. Schonfeld interpreted 28 C.F.R. § 35.150, the same regulation the majority opinion “reifies] heavily on.” Majority Opinion, p. 696. The portion of the Schonfeld opinion relied on by the district court was under the heading “Existing Facilities,” and addresses the same access points at issue in this case.
We affirmed the district court’s decision in Schonfeld, including its ruling that:
[ P]ublic entities are not required to construct a curb ramp at every intersection. Alternative routes to buildings that make use of existing curb ramps may be acceptable under the concept of program accessibility in limited circumstances where disabled individuals need only travel a marginally longer route ...
Schonfeld, 978 F.Supp. at 1339 n. 11.
Similarly, the district court properly relied on the First Circuit decision in Parker v. Universidad de P.R., 225 F.3d 1, 6-7 (1st Cir.2000). In Parker, the First Circuit also addressed a claim of lack of access to an existing facility. See id. at 5. The First Circuit noted that “Title II’s emphasis on ‘program accessibility’ ... was intended to ensure broad access to public services, while, at the same time, providing public entities with the flexibility to make access available....” Id. at 6. The First Circuit also observed that each program must be viewed in its entirety when determining, accessibility. See id. Applying that view, the First Circuit held that the University was required to provide “at least one route that a [disabled] person ... [could] use to reach the [program] safely ...” Id. at 7. The First Circuit explicitly held that not every passageway had to be accessible so long as there was one route that a disabled person could use. See id.
In this case, the undisputed evidence is that there were two readily accessible routes that Cohen could have used to reach his destination safely. Under the rationale of Parker and Schonfeld, and *703 viewing the program in its entirety, Cohen was not denied access. In summary, the only cases that have come close to addressing this issue focus on viewing the program in its entirety and determining whether all access was denied. See Bird, 303 F.3d at 1021; Schonfeld, 978 F.Supp. at 1339 n. 11; Parker, 225 F.3d at 6-7. Because two available access routes existed when viewing the sidewalk in its entirety, Cohen was provided sufficient access. I agree with the district court that Cohen failed to raise a material issue of fact on his ADA claims and on his related state law claims. I would affirm the district court’s entry of judgment in favor of Cul-ver City in its entirety.